IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Betty B. Thompson, | ) | C/A No. 8:09-1968-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Betty B. Thompson, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits is supported by substantial evidence. The Magistrate Judge opines that the Commissioner's decision should be affirmed.

The parties were advised of their right to submit objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. <u>Mathews v. Weber</u>, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Recommendation which was filed on June 16, 2010. The plaintiff filed objections on July 20, 2010. The defendant replied to the objections on August 3, 2010. It thus appears this matter is ripe for review.

I.  **Factual and Procedural History**

The plaintiff applied for SSI and DIB on September 12, 2007 alleging disability as of December 15, 2006 due to back surgery, arthritis, high blood pressure, diabetes, high cholesterol, and a heart condition. The plaintiff was 59 years old at the time the Administrative Law Judge (ALJ) issued his decision. She has a high school education and past work experience that includes work as a telemarketer.

The plaintiff's applications were denied initially and on reconsideration. The ALJ held a hearing and later issued a decision on April 29, 2009, concluding that the claimant was not disabled. Once approved by the Appeals Council, the ALJ's decision became the final decision of the Commissioner. Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

II. **Standard of Review**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall

2

be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004). This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or] her past relevant work; and (5) the claimant can perform other specified types of work. Johnson v. Barnhart, 434

be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004). This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or] her past relevant work; and (5) the claimant can perform other specified types of work. Johnson v. Barnhart, 434

F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches Step Five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. See Walls, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## III. Discussion

In his decision of April 29, 2009, the ALJ went through the required inquiry. At Step 1, the ALJ found that the plaintiff had not engaged in substantial gainful activity since her alleged onset date. At Step 2, the ALJ found that the plaintiff had the following severe impairments: status post decompressive lumbar laminectomy and discectomy, back pain, right radicular leg pain, diabetes, depression, and anxiety. At Step 3, the ALJ found that plaintiff did not have an impairment that met or equaled an impairment listed. At Step 4, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform her past

relevant work (PRW) as a telemarketer and that this work does not require performance of work-related activities precluded by her RFC. Therefore, the ALJ found that the plaintiff was not disabled, and he was not required to make a finding at Step Five.

In her brief, the plaintiff contends that the ALJ erred in (1) several aspects of his analysis at step four of the sequential evaluation; (2) failing to give controlling weight to the opinion of one of her treating physicians; and (3) failing to properly analyze the plaintiff's credibility.

The ALJ's decision became the final decision of the Commissioner, and the Magistrate Judge recommends that the Commissioner's decision be affirmed. The plaintiff has filed an objection memorandum to which the Commissioner has responded. Plaintiff objects to the Report, asserting that the ALJ and Magistrate Judge's decisions are not supported by substantial evidence. Plaintiff requests that the case be remanded to the ALJ for further evaluation. The Commissioner contends that the plaintiff merely reiterates the arguments she previously made that have been addressed in the briefs and the Report and Recommendation.

The Magistrate addressed each of the plaintiff's allegations of error by the ALJ.

**A. Step Four Analysis**

The Magistrate found that the ALJ properly completed the analysis at Step Four of the sequential evaluation. For each finding that the plaintiff claims the ALJ erred in making, the Magistrate found substantial evidence to support it. The plaintiff claims in her brief and in

5

her objections that the ALJ erred in finding that she can perform her PRW as a telemarketer. However, the ALJ did a thorough analysis before concluding that the plaintiff's RFC would allow her to perform sedentary work, provided that she has a sit/stand option.

Next, the plaintiff alleges that the ALJ erred in relying on the VE's testimony because he did not ask the VE if there was a conflict between his testimony and the Dictionary of Occupational Titles (DOT). However, the Magistrate points out that there is no evidence of a conflict and notes that the plaintiff could have cross-examined the VE on this issue if she had desired.

Next, the plaintiff claims that the ALJ erred by not being specific about her sitting and standing abilities in his hypothetical. The Magistrate opines that the ruling the plaintiff relies on, Ruling 96-9p, does not apply to the analysis at Step Four. Further, the Magistrate concluded that it was the ALJ's intent for the plaintiff to sit and stand "at will" as there is no evidence that she requires a sitting and standing schedule.

Finally, the plaintiff's primary objection is to the Magistrate's interpretation of the ALJ's finding regarding mental restrictions. In the Report, the Magistrate concluded that the ALJ did not find any mental restrictions. The plaintiff objects, pointing to the ALJ's determination that the plaintiff's depression and anxiety are "severe impairments" and that the plaintiff has "moderate difficulties" regarding "concentration, persistence or pace." Additionally, the plaintiff objects to the Magistrate's interpretation of the RFC assessment where the ALJ found that the plaintiff's "depression and anxiety do not interfere with her

6

ability to understand, carry out, and remember simple instructions." The plaintiff argues that the logical conclusion of these findings is that the plaintiff is limited to unskilled work and cannot work in her former position as a telemarketer, which is a semi-skilled job. However, the ALJ found that the plaintiff could return to a job as a telemarketer. The plaintiff argues that the ALJ made this conclusion in error because he did not include any mental impairments in his hypothetical to the VE. The Magistrate found that the ALJ properly asked hypothetical questions to the VE and properly performed a detailed RFC assessment, which supported a finding that the plaintiff did not meet a mental health listing. Further, the Magistrate pointed out that the plaintiff's mental impairments do not meet the 12-month durational requirement, and the plaintiff did not mention any mental health issues on her Disability Reports. This Court agrees with the Magistrate that "the ALJ's analysis was proper and resulted in a finding that was supported by substantial evidence."

B.      **Medical Source Opinions**

The plaintiff alleges that the ALJ did not provide a "meaningful analysis" of the treating physician's opinion, and her objection restates this complaint. The Magistrate found that the ALJ analyzed all of the medical opinions and evidence appropriately. The ALJ noted that the plaintiff failed to show sufficient evidence that she could not work and that the treating physician made some findings that are reserved for the Commissioner. This Court agrees with the Magistrate that the ALJ properly weighed the medical opinions.

### C. Credibility

The plaintiff alleges that the ALJ did not properly and thoroughly analyze her credibility. On this point, the Magistrate found that "[a]lthough the ALJ might have been more exhaustive in his analysis, he did not fail to provide any at all." In his credibility finding, the ALJ addressed the plaintiff's pain complaints, her surgery, her medical records, and the doctor's opinion and suggestions. The Magistrate concluded that the ALJ's findings of credibility were supported by substantial evidence, and this Court agrees.

### IV. Conclusion

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This Court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, the plaintiff's objections thereto, and the Commissioner's reply, this Court finds that the ALJ's decision was supported by substantial evidence and that the ALJ did not incorrectly apply the law in his decision. The Magistrate Judge's thorough Report and Recommendation is incorporated herein by reference.

Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

September 28, 2010                          Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge